*Magoon-Silliman* for plaintiff.
*Castle-Weaver* for defendant.

---

## THE REPUBLIC OF HAWAII *v.* GEORGE H. RUTTMANN.

### EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

SUBMITTED OCTOBER 3, 1898.     DECIDED NOVEMBER 19, 1898.

JUDD, C.J., WHITING, J., AND A. S. HUMPHREYS, ESQ., OF THE BAR, IN PLACE OF FREAR, J., ABSENT.

One may be charged in different counts in the same indictment as principal and as accessory before the fact in an attempt to commit a crime. Such pleading finds support in the general principles of criminal pleading and practice independent of statutory authority.

Where one is charged in an indictment as principal and as accessory before the fact he is not entitled to his discharge because of the acquittal of his alleged principal.

There being no errors of law in the record the court will not disturb the verdict of a jury where it is supported by the evidence.

The defendant Geo. H. Ruttmann was tried and convicted as principal at the July, 1898, term of the Circuit Court of the Fourth Circuit holden at Honokaa, under an indictment charging him as principal in attempting to murder the new-born child of his wife Pauline Ruttmann, also charging him as accessory before the fact to Pauline Ruttmann in an attempt by her to murder her said new-born child.

Several exceptions were reserved by the defendant to the rulings of the trial court, but upon the submission of the cause in this court all of the exceptions were waived, save those now considered.

The first exception is to the order of the court overruling defendant's motion to quash the indictment, he averring that it charged him with two separate and distinct offenses, i. e., as principal and as accessory before the fact.

This motion was properly overruled. The joinder of the counts charging the defendant as principal and as accessory before the fact were simply designed and calculated to adapt the pleading to the different aspects in which the evidence on the trial might present a single transaction. Section 628 of the Penal Laws of 1897 gives express authority to join the principal and accessories before and after the fact in the same indictment. Such was the decision of this court in *Rex v. Wo Sow*, 7 Haw. 734. And we can not discover any sound reason against charging *the same person* as principal and as accessory before or after the fact in the same indictment. Such pleading finds support in the general principles of criminal pleading and practice independent of statutory license. Dr. Wharton in his work on Crim. Pldg. & Prac. Sec. 285 (8th. Ed.), says that, "offenses though differing from each other and varying in the punishment authorized to be inflicted for their perpetration may be included in the same indictment and the accused tried upon the several charges at the same time, provided, the offenses be of the same general character and, provided, the mode of trial be the same."

See *Corley v. State,* 7 S. W. Rep. 255; *Armstrong v. State,* 13 S.W.Rep. 864; *U. S. v. Dickerson,* 2 Mc. Lean 325; *State v. Crank,* 2 Bailey 66, (S. C. 23 Am. Dec. 117).

"If there is any doubt as to whether a particular defendant was principal or accessory the indictment should charge both forms of guilt in separate counts."

1 McClain Crim. Law Sec. 212; and authorities there cited. 1 Bish. New Crim. Proced. Sec. 449.

The second exception is to the order of the court overruling defendant's motion for his discharge made before pleading to the indictment. This motion was based upon the record and files of the court in the case of the *Republic of Hawaii v. Pauline Ruttmann* from which it appears that Pauline Ruttmann was indicted as a principal charged with an attempt to murder her new-born child and that she was tried and acquitted of such offense.

If the defendant had been charged solely as accessory before the fact or convicted under the count charging him as such accessory we would be called upon to determine whether under our statutes (Secs. 28 and 628 Penal Laws 1897) he was entitled to his discharge or not, his alleged principal having been acquitted. But that question is not now a subject for our consideration, the defendant having been convicted under the count in the indictment charging him as a principal. The count charging him to be an accessory before the fact may be rejected as surplusage.

1 Mc. Clain Crim. Law Sec. 212.

The defendant was not immune from prosecution as a principal because some other person charged with the same crime had been acquitted.

We find no error in the order of the court refusing to discharge the defendant.

The remaining exception is to the verdict of the jury as being contrary to the law and the evidence and against the weight of the evidence. A careful consideration of the evidence has satisfied us that it was sufficient to support the verdict and that it was not contrary to the law.

38

The exceptions are overruled and the sentence of the lower court is affirmed.

*Deputy Attorney-General E. P. Dole* for prosecution.

*Wilder, Wise* and *Wakefield* and *Paul Neumann* for defendant.